UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
JACKSON DIVISION

| | |
|---|---|
| GARY FIELDS, individually and on behalf of all others similarly situated,<br>　　　　Plaintiff<br><br>vs<br><br>HENRY COUNTY, TENNESSEE<br>　　　　Defendant | Case No.<br><br>Hon. |

## COMPLAINT - CLASS ACTION

Plaintiff, for his complaint against Defendant, states as follows;

### INTRODUCTION

This action is brought by Plaintiff pursuant to 42 U.S.C. §1983 and the common and statutory laws of the State of Tennessee to redress the violation by Defendant of Plaintiff's rights secured by the Eighth and Fourteenth Amendments to the United States Constitution and applicable provisions of the Tennessee Constitution, that is, Plaintiff's right to have bail set on an individualized basis and narrowly tailored to address the issue of likelihood to flee and danger to the community if released.

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States and under 28 U.S.C. § 1343 to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

2. Venue is appropriate in the Western District of Tennessee under 28 U.S.C. § 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## PARTIES

3. Plaintiff Garry Fields is a resident of Paris, Henry County, Tennessee. Plaintiff brings this claim on behalf of himself and all others similarly situated.

4. Defendant Henry County is a political subdivision of the State of Tennessee.

## GENERAL ALLEGATIONS

5. On or about December 11, 2008, a warrant was issued for Plaintiff's arrest.

6. Pursuant to county policy, the part of the warrant where the bail amount is usually inserted, read "W/O", meaning no bond. This was put on the warrant at the time the warrant was issued by a judicial commissioner and before the plaintiff was ever arrested.

7. On December 12, 2008, after Plaintiff learned that a warrant had issued for his arrest, he asked a Henry County deputy when he could be released on bail. Plaintiff was told he could not be released on bail until after he was brought before a General Sessions Judge on Tuesday, December 16, 2008.

8. In order to avoid remaining in jail without the opportunity for bail over the weekend, Plaintiff turned himself in at the Henry County Sheriff's Office on December 15, 2008 where he was booked. He asked again whether he could be released on bail and was told that he would not be allowed bail until he was brought before a Henry County General Sessions Judge on Tuesday, December 16, 2008.

9. Plaintiff personally met with the Sheriff of Henry County and demanded to be presented to someone to be considered for release on bail and the sheriff refused.

10. At no time was Plaintiff presented to a judicial commissioner or anyone else for examination and determination of pretrial release until he appeared in court before a General Sessions judge.

11. Henry County has a practice and policy of denying bail for individuals charged with domestic violence without any individualized determination that they are a danger to society or to the alleged victim.

12. Henry County also has a practice and policy of setting bail by a preset schedule that is on a list maintained at the jail. The bail amounts on this list are based on the charged offense

13. and not on any individualized analysis based on a particular individual's likelihood to flee or be a danger to society if released.

13. It is the policy of Henry County that judicial commissioners do not set bail for anyone even though they are at the jail and available to meet with arrestees. It is further the policy that all arrestees have their bail set, or are denied bail, based on the preset schedule maintained by the county.

## COUNT 1
(42 U.S.C. §1983 - Henry County-class action)

14. Defendant Henry County, by knowingly and deliberately instituting and approving of a system where bail is set based on something other than the statutory elements or an individualized determination of the need for bail, violated the Constitutional rights of Plaintiff, and others similarly situated to him, against excessive bail under the 8th Amendment as incorporated through the 14th Amendment due process clause. It also violated his rights against excessive bail under Article 1, Section 15 and 16 of the Tennessee Constitution.

15. In contrast to the Release from Custody and Bail Reform Act of 1978, T.C.A. 40-11-101, *et. seq.*, the Henry County system of setting bail automatically applies to persons arrested without any individualized consideration, let alone consideration by a neutral arbiter and does not require any particularized finding that the detained individual is likely to flee or not appear for court.

16. In place of the Bail Reform Act's neutral, individualized adjudication, the Henry County system of setting bail relies on only general assumptions that individuals arrested are not likely to return for scheduled court appearances unless compelled to do so under the yoke of a monetary bail amount. Thus, almost all charges carry a monetary bail requirement.

17. This system serves to enrich bailbondsman who are practically guaranteed a steady stream of relatively risk-free revenue through the process of requiring all detainees to post bonds for monetary bail.

18. Requiring bail in an amount higher than that which is individually calculated to serve as an assurance of the presence of a particular person accused of an offense as required by the Bail Reform Act is excessive *per se.*

19. As a direct and proximate result of the acts of Defendant, Plaintiff, and others similarly situated, had his Constitutional right against the setting of excessive bail violated.

## CLASS ACTION ALLEGATIONS

20. The named plaintiff brings this action on his own and, pursuant to Rule 23(a), (b)(2) and alternatively, (b)(3) of the Federal Rules of Civil Procedure, on behalf of
    a.  all individuals who have had bail set or denied bail by Henry County officials using the unconstitutional system and all future individuals that will be subject to such a system.

21. The class is so numerous that joinder of all members is impracticable. Thousands of people are arrested in Henry County and have their bail set or denied by the preset schedule used by the County each year.

22. There are questions of law and fact common to the class:
    a.  Whether Defendant Henry County, through its officials, is setting bail and bail amounts without regard to an individualized assessment of a particular person's likelihood to flee or be a danger to society if released in violation of statutory requirements and Constitutional limitations against excessive bail through a preset bail schedule.
    b.  Whether Defendant Henry County, through its officials, is denying bail without regard to an individualized assessment of a particular person's likelihood to flee or be a danger to society if released in violation of statutory requirements and Constitutional limitations against excessive bail through a preset bail schedule.
    c.  Whether a preset bail schedule that is not based on an individualized assessment of a particular person's likelihood to flee or be a danger to society if released is excessive bail in violation of the Eighth Amendment to the U.S. Constitution as incorporated and applied to the States through the 14th Amendment due process clause.

23. The claims of the named plaintiff are typical of the claims of the class. Plaintiff does not attack the dollar amount of his bail but rather the system by which that amount was determined by the county or by which his bail was denied. Plaintiff had his bail for domestic assault denied before he was even taken into custody without an individualized assessment of his likelihood to flee or be a danger to the community or the alleged victim if released.

24. The named plaintiff will fairly and adequately protect the interests of the class. Plaintiff intends to prosecute this action vigorously in order to secure remedies for all of the class members and has no conflict of interest with other putative class members.

25. This action is appropriately maintained as a class action under F.R.C.P. 23(b)(2) because the Defendant has acted on grounds generally applicable to the class and Plaintiff is seeking final class-wide structural, injunctive or declaratory relief with respect to the class as a whole which would equally benefit each class member. Specifically, Plaintiff seeks a permanent injunction preventing Defendant Henry County, and its officers and employees, from disregarding the statutorily and Constitutionally required individualized determination of the need for bail.

26. Although compensatory damages are sought, they are sought only to the extent which they may enure to the benefit of the class as a whole. It is difficult if not impossible to put a monetary value on the violation of one's Constitutional rights but a broad-based, across the board damage award that does not call for individualized damage assessment is consistent with the provisions of (b)(2) classes and with due process in a class action context.

27. Alternatively, this action is appropriately maintained as a hybrid class action under F.R.C.P. 23(b)(2) for the injunctive relief sought and under F.R.C.P. 23(b)(3) for the compensatory damages sought because the questions of law and fact common to class members predominate over any questions affecting only individual members and class treatment is superior to other available methods for fairly and efficiently adjudicating this controversy.

Therefore, Plaintiff requests that this Court award:

1. Compensatory damages to Plaintiff and the putative class and against Defendant Henry County in an amount to be determined at trial and such as to enure to the benefit of the class as a whole;

2. A permanent injunction against Henry County requiring that county officials employed by the county determine bail on an individualized basis and limited to the purpose of ensuring a defendant's presence in court and of ensuring the safety of the community.

3. Reasonable attorney's fees;

4. Cost of suit and such other and further relief as the court deems just and proper.

Respectfully Submitted,

/s/ Jerry Gonzalez
Jerry Gonzalez (18379)
Attorney for Plaintiff
2441-Q Old Fort Parkway
Box 381
Murfreesboro, TN 37128
615-360-6060
jgonzalez@edge.net

Dobbins & Venick

/s/ Irwin Venick by JG w/ permission
Irwin Venick (04112)
Attorney for Plaintiff
210 25th Avenue, North, Suite 1010
Nashville, TN 37203
615-321-5659
IrwinV@dvlawfirm.com